IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MAE CHRISTIAN, NOLLIS DALE
CHRISTIAN, and REBECCA CHRISTIAN,

        Plaintiffs,

v.                                      CIVIL ACTION NO. 3:09-0770

THE BANK OF NEW YORK TRUST COMPANY, N.A.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant New York Trust Company, N.A.'s ("New York Trust") Motion for Leave to File a Third-Party Complaint (Doc. # 16). For the reasons stated below, the motion is **GRANTED**.

**Background**

This action, filed in the Circuit Court of Wayne County on May 15, 2009, and removed to this Court on July 2, 2009, concerns the mortgage and subsequent foreclosure of real property located at 838 13th Street, in Kenova, West Virginia. Plaintiff, Mae Christian, lived in a single-family dwelling at the above address, before Defendant New York Trust foreclosed on the property on or about May 17, 2007, and forced Mrs. Christian to vacate the residence shortly thereafter. Mrs. Christian filed this action, along with Plaintiffs Nollis Dale Christian and Rebecca Christian, alleging three causes of action: (1) that Defendant foreclosed on the property without any recorded authority to do so; (2) that Defendant forced Mrs. Christian to vacate her home without authority to do so; and (3) that Defendant illegally dispossessed Plaintiffs Nollis Dale and Rebecca Christian

of their property.

At the heart of this dispute, is a June 12, 2002, mortgage obtained by Mrs. Christian and her now deceased husband, Harry Christian. The Christians entered into the mortgage contract with Mercantile Mortgage Company ("Mercantile"), borrowing $63,650.00 for the purpose of expending funds for debts and for improvements to the residence located at 838 13th Street. The funds were provided in exchange for a Deed of Trust encumbering the property. Defendant New York Trust is a successor of Mercantile and was the holder of the mortgage at the time of the foreclosure and forced vacancy in May 2007.

The real property identified as 838 13th Street consists of two lots: Lot 10 and Lot 11. Lot 11 is a vacant lot, adjacent to Lot 10, which at all times relevant to this controversy was owned by Mae and Harry Christian. Lot 10, however, the lot upon which the single-family residence is located, was at all times relevant to this controversy owned by Nollis Dale and Rebecca Christian, not by Mae or Harry Christian. Plaintiffs therefore claim that the Deed of Trust obtained by Mercantile, and ultimately held by Defendant, did not encumber Lot 10, or the residence located on that parcel. Consequently, Plaintiffs contend New York Trust illegally: (1) foreclosed on Lot 10; (2) forced Mae Christian to vacate the residence located on Lot 10; and (3) dispossessed Nollis Dale and Rebecca Christian of their property (Lot 10 and the associated residence).

### Defendant's Motion for Leave to File Third-Party Complaint

New York Trust now moves, pursuant to Federal Rule of Civil Procedure 14(a), to file a third-party complaint against third-party defendants Stewart Title Guaranty Company ("Stewart") and M.D. Morris & Associates, Inc. d/b/a Morris & Associates, Inc. ("Morris"). The deadline for the joinder of parties passed on October 14, 2009. Nonetheless, New York Trust seeks leave to file

a third-party complaint on the ground that, through the discovery process, it elicited new facts supporting claims for derivative and secondary liability against Stewart and Morris. Defendant seeks to file a third-party complaint against Stewart, its title insurance provider, on the basis that Stewart is required to: (1) insure New York Trust against any defects in the title New York Trust holds to the property located at 838 13th Street, and (2) indemnify the company for any losses incurred in this action. Defendant seeks leave to file a third-party complaint against Morris, arguing that Morris is liable to it for any loss New York Trust may incur in this action, because Morris issued a negligent appraisal upon which New York Trust's predecessors relied when issuing the June 2002 mortgage.

Defendant New York Trust filed its motion for leave on May 11, 2010. The response period has long passed and Plaintiffs filed no opposition. Accordingly, the Court finds it reasonable to assume that Plaintiffs do not oppose the delay a third-party complaint may result in. *See, e.g., Noland Co. v. Graver Tank & Mnfr. Co.*, 301 F.2d 43, 49-50 (4th Cir. 1962) (Fourth Circuit considered fact the that a third-party complaint would not "appreciably prolong[]" the litigation when granting leave to file); *Wright v. Bigger*, 2008 WL 4900566, at *1 (N.D. W.Va. Nov. 13, 2008) (plaintiffs filed a response arguing third-party complaint would cause undue delay).

**Analysis**

Rule 14 governs third-party practice. In pertinent part, Rule 14(a)(1) provides: "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

A third-party complaint filed pursuant to Rule 14(a) must be based upon a theory of derivative or secondary liability. *See, e.g., Laughlin v. Dell Fin. Services, L.P.*, 465 F.Supp.2d 563, 566 (D.S.C. 2006) ("[A] third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the original plaintiff.") (citing *Scott v. PPG Indus. Inc.*, 920 F.2d 927, 1990 WL 200655, at *3 (4th Cir. 1990) (unpublished decision)); *Erickson v. Erickson,* 849 F.Supp. 453, 456 (S.D. W.Va. 1994) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."); *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Associates, Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987) ("Typically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable."). "In other words, a third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.' Such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff.'" *Watergate Landmark*, 117 F.R.D. at 578.

"The third party practice prescribed by [Rule 14] is an important procedural reform the purpose of which is to avoid needless multiplicity of actions." *Baltimore & O.R. Co. v. Saunders*, 159 F.2d 481, 484 (4th Cir. 1947); *see also Noland*, 301 F.2d at 50 ("[T]he primary objectives of third-party procedure is to avoid circuity and multiplicity of actions."). Thus, "[g]ranting leave to bring a third-party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed." *Wright*, 2008 WL 4900566 at *1 (citing *Baltimore*

4

*& O.R. Co.*, 159 F.2d at 483-84); *see also Noland*, 301 F.2d at 50 (same).

Essentially, Plaintiffs' argument is that Defendant's foreclosure of the Lot 10 property was wrongful, because the Deed of Trust associated with the June 2002 mortgage never encumbered the Lot 10 parcel. Instead, Plaintiffs claim that the Deed of Trust only encumbered Lot 11, the vacant lot owned by Mae and Harry Christian.

Defendant seeks to implead Stewart and Morris on the ground that facts developed during discovery support claims against the proposed third-party defendants. Specifically, New York Trust asserts that: (1) it had no knowledge that Mae and Harry Christian did not hold title to the improved lot until this suit was filed against them, and (2) it had no knowledge that the appraisal relied upon when issuing the June 2002 mortgage was false, until it engaged in discovery. In its third-party complaint, New York Trust asserts causes of action against Stewart and Morris, collectively or individually, for: (1) breach of contract (against Stewart and Morris); (2) breach of professional standards and professional negligence (Morris); (3) indemnification (both); (4) contribution (both); and (5) declaratory judgment (Stewart). New York Trust argues that the claims arise out of and are connected to the acts and omissions of the third-party defendants in rendering their professional services relevant to the June 2002 mortgage. Thus, New York Trust contends that it is proper to implead both third-party defendants pursuant to Rule 14(a).

The Court agrees. Whether Stewart or Morris will be found liable to Defendant is not relevant at this juncture. Rather, the pertinent question is whether Stewart and Morris "*may* be liable to [New York Trust] for all or part of the claim against it." *Fed.R.Civ.Pro. 14(a)(1)*; *see, e.g., Erickson*, 849 F.Supp. at 456. Defendant's third-party complaint presents derivative liability claims. New York Trust claims it reasonably relied upon the truth and accuracy of the appraisal when

5

originating and funding Mae and Harry Christian's June 2002 loan, and properly obtained title insurance to protect itself against any defects in Mae and Harry Christian's title to the property its mortgage encumbered (or intended to encumber). Thus, based upon Plaintiffs' claims against Defendant, New York Trust has dependent claims for breach of contract, breach of professional standards/professional negligence, indemnification, contribution, and declaratory judgment against Stewart or Morris. Defendant's motion for leave is therefore **GRANTED.**

## Conclusion

For the reasons stated above, and in light of the liberal construction generally afforded to Rule 14(a), the Court **GRANTS** Defendant's motion. The Court **DIRECTS** the Clerk to **FILE** the Third-Party Complaint attached to Defendant's motion as "Exhibit B." The Clerk is **DIRECTED** to then issue summons on the third-party complaint in accordance with Rule 14 and Defendant is **DIRECTED** to promptly serve this summons on the third-party defendants. The Court further **ORDERS** the deadlines contained in the Amended Scheduling Order (Doc. # 12) **CONTINUED** until further order by this Court.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 14, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE